PHILLIP A. TALBERT
United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>XIU PING LI,<br>GUI WEN PAN,<br>XIU RU LI,<br>DAO ZHONG WEI,<br>YONG JIE LIU,<br>YOU AN LI,<br>SHUI PING ZHENG,<br>KONG LIANG LI,<br>GUANGZHAO LI, and<br>HUANG CHEN<br><br>           Defendants. | CASE NO. 2:17-CR-00136-KJM<br><br>STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER |

    Plaintiff United States of America, by and through its attorney of record, Assistant United States Attorney Roger Yang; defendants Xiu Ping Li, by and through her counsel of record, Christopher R. Cosca; Gui Wen Pan, by and through his counsel of record, Philip Cozens; Xiu Ru Li, by and through her counsel of record, Olaf W. Hedberg; Dao Zhong Wei, by and through his counsel of record, Todd D. Leras; Yong Jie Liu, by and through his counsel of record, Kyle R. Knapp; You An Li, by and through his counsel of record, Candice L. Fields; Kong Liang Li, by and through his counsel of record, Michael L. Chastaine; Guangzhao Li, by and through his counsel of record, Alin Cintean; and Huang Chen, by and through his counsel of record, Etan Zaitsu, hereby stipulate as follows:

1. The discovery in this case consists of several thousands of pages and financial records and escrow files, that contain personal information including, but not limited to, social security numbers, dates of birth, telephone numbers, email addresses, and financial information such as credit card and bank account numbers (hereinafter "Protected Information").

2. In the absence of a protective order, numerous redactions would be necessary to avoid the unauthorized disclosure or dissemination of Protected Information to individuals not party to the court proceedings in this matter.  It is possible, given the nature of the evidence, that there may be Protected Information that is inadvertently omitted during the redaction process.

3. By this stipulation, the parties jointly request that the Court issue a protective order pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and the Court's general supervisory authority.

4. The Protective Order applies to all discovery containing Protected Information, including discovery that may be forthcoming.  Discovery that does not contain Protected Information is not subject to the Protective Order.

5. Defense counsel shall not give documents that contain Protected Information (or copies of such documents) to any person other than counsel's staff, investigator(s), interpreter(s), or retained expert(s) (hereinafter "Defense Team").  The terms "staff," "investigator," and "expert" shall not be construed to describe the defendant, or other person not:  (1) regularly employed by counsel, or (2) licensed as an investigator, or (3) retained as an expert.  Interpreters should not be the defendant, the defendant's relatives, or persons related to or acting on behalf of co-defendants. The Defense Team shall not provide to any person copies or documents unless Protected Information has been redacted.

6. The defendant may review the Protected Information and be aware of its contents, but neither defense counsel nor the Defense Team shall provide copies of Protected Information to the defendant or allow the defendant to copy documents contacting Protected Information.  Counsel may provide the defendant with copies of documents from which Protected Information has been redacted.

7. Social security numbers, birth dates, and residential addresses made in all public filings shall be made pursuant to Federal Rule of Criminal Procedure 49.1.

8. Nothing in this stipulation will be construed to prevent defense counsel, and the Defense Team a reasonable opportunity to prepare.

9. In the event that the defendant substitutes counsel, undersigned defense counsel agrees to withhold documents containing Protected Information from new counsel unless and until substituted counsel agrees also to be bound by this order.

IT IS SO STIPULATED.

Dated: September 18, 2017　　　　　By:　PHILLIP A. TALBERT
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　/s/ Roger Yang
　　　　　　　　　　　　　　　　　　　　ROGER YANG
　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorney

　　　　　　　　　　　　　　　　　By:　/s/ CHRISTOPHER R. COSCA
　　　　　　　　　　　　　　　　　　　　CHRISTOPHER R. COSCA
　　　　　　　　　　　　　　　　　　　　Counsel for Xiu Ping Li

　　　　　　　　　　　　　　　　　By:　/s/ PHILLIP COZENS
　　　　　　　　　　　　　　　　　　　　PHILLIP COZENS
　　　　　　　　　　　　　　　　　　　　Counsel for Gui Wen Pan

　　　　　　　　　　　　　　　　　By:　/s/ OLAF W. HEDBERG
　　　　　　　　　　　　　　　　　　　　OLAF W. HEDBERG
　　　　　　　　　　　　　　　　　　　　Counsel for Xiu Ru Li

　　　　　　　　　　　　　　　　　By:　/s/ TODD D. LERAS
　　　　　　　　　　　　　　　　　　　　TODD D. LERAS
　　　　　　　　　　　　　　　　　　　　Counsel for Dao Zhong Wei

　　　　　　　　　　　　　　　　　By:　/s/ KYLE R. KNAPP
　　　　　　　　　　　　　　　　　　　　KYLE R. KNAPP
　　　　　　　　　　　　　　　　　　　　Counsel for Yong Jie Liu

　　　　　　　　　　　　　　　　　By:　/s/ PHILLIP COZENS
　　　　　　　　　　　　　　　　　　　　PHILLIP COZENS
　　　　　　　　　　　　　　　　　　　　Counsel for Gui Wen Pan

　　　　　　　　　　　　　　　　　By:　/s/ CANDICE L. FIELDS
　　　　　　　　　　　　　　　　　　　　CANDICE L. FIELDS
　　　　　　　　　　　　　　　　　　　　Counsel for You An Li

|  |  |
|---|---|
| By: | /s/ MICHAEL L. CHASTAINE |
|  | MICHAEL L. CHASTAINE |
|  | Counsel for Kong Liang Li |
|  |  |
| By: | /s/ ALIN CINTEAN |
|  | ALIN CINTEAN |
|  | Counsel for Guangzhao Li |
|  |  |
| By: | /s/ ETAN ZAITSU |
|  | ETAN ZAITSU |
|  | Counsel for Huang Chen |

[~~PROPOSED~~] ORDER

For good cause shown, the stipulation of counsel and protective order in criminal case no. 2:17-CR-0136-KJM is approved and so ordered.

DATED: September 18, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE