1  MCGREGOR W. SCOTT
United States Attorney
2  ROGER YANG
KEVIN C. KHASIGIAN
3  Assistant United States Attorneys
501 I Street, Suite 10-100
4  Sacramento, CA  95814
Telephone:  (916) 554-2700
5
Attorneys for the United States
6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                 2:17-CR-00136-KJM

12           Plaintiff,

13       v.                                    STIPULATION AND ORDER RE
                                               INTERLOCUTORY SALE OF
14  XIU PING LI,                               REAL PROPERTY
    GUI WEN PAN,
15  XIU RU LI,
    DAO ZHONG WEI,
16  YONG JIE LIU,
    YOU AN LI,
17  SHUI PING ZHENG,
    KONG LIANG LI,
18  GUANGZHAO LI, and
    HUANG CHEN,
19
             Defendants.
20

21       The United States of America, recorded owner Bi Yun Li ("Li") and lien holders James R. Hall

22  and Carol F. Hall, Trustees of the Hall Living Trust, dated April 12, 1994 ("Hall's"), through their

23  counsel of record, hereby agree and stipulate as follows:

24       1.      On August 10, 2017, a grand jury in this district indicted defendants  XIU PING LI, GUI

25  WEN PAN, XIU RU LI, DAO ZHONG WEI, YONG JIE LIU, YOU AN LI, SHUI PING ZHENG,

26  KONG LIANG LI, GUANGZHAO LI, and HUANG CHEN, charging them with: Count One:

27  Conspiracy to Manufacture Marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1); Counts Two

28  through Ten: Manufacture of Marijuana, in violation of 21 U.S.C. § 841(a)(1); Count Eleven: Conspiracy

                                                 1

to Launder Money, in violation of 18 U.S.C. § 1956(a)(2)(A) and (h); and Counts Twelve through

Fourteen: Money Laundering, in violation of 18 U.S.C. § 1956(a)(2)(A).  The indictment alleged further,

that upon defendants XIU PING LI, GUI WEN PAN, XIU RU LI, DAO ZHONG WEI, YONG JIE LIU,

YOU AN LI, SHUI PING ZHENG, KONG LIANG LI, GUANGZHAO LI, and/or HUANG CHEN's

conviction, certain property would be subject to forfeiture to the United States, including the following:

      a.    7810 Elsie Avenue, Sacramento, California, Sacramento County, APN: 115-0061-014-0000,

      b.    2860 Central Avenue, Roseville, California, Placer County, APN: 474-010-017-000,

      c.    10315 Baseline Road, Elverta, California, Sacramento County, APN: 023-040-026-000,

      d.    8114 Suarez Way, Elk Grove, California, Sacramento County, APN: 132-2000-032-0000,

      e.    3433 La Cadena Way, Sacramento, California, Sacramento County, APN: 201-1010-037-0000,

      f.    3433 Mas Amilos Way, Sacramento, California, Sacramento County, APN: 201-1010-007-0000,

      g.    2725 52nd Avenue, Sacramento, California, Sacramento County, APN: 036-0132-002-0000,

      h.    Approximately $39,775.00 in U.S. Currency,

      i.    $70,844.37 seized from Bank of America Account Number 381008886819, and

      j.    $5,000.00 in Moneygram Money Orders.

2.    Bi Yun Li is the recorded owner of the real property located at 2860 Central Avenue,

Roseville, California, Placer County, APN: 474-010-017-000 ("Central Avenue property") and more

fully described as:

Parcels "A" and "B" of Parcel Map No. 7348 filed for record in the office of the County Recorder of Placer County, California on March 21, 1980 in Book 16 of Parcel Maps, at Page 46, Placer County Records.

3.    The parties stipulate that based on the information they have, no other persons or entities

have an interest in the real property.

4.    The parties agree and hereby stipulate that an order should be entered granting an

interlocutory sale of the 2860 Central Avenue property as follows:

1.      The real property located at 2860 Central Avenue, Roseville, California, Placer County, APN: 474-010-017-000, will be sold by recorded owner Bi Yun Li (or her designee) and shall be listed for sale and in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.

2.      The Title/Escrow Officer shall be instructed to send a cashier's check made payable to the U.S. Marshals Service in the amount of the net proceeds from the sale of the real property, less the amount owed to the Hall's pursuant to their Deed of Trust recorded on August 29, 2016, to the U.S. Attorney's Office, Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA  95814.

3.      The net proceeds from the sale of the real property will include all money realized from the sale of the real property, except for the following:

        a.      Real estate commissions;

        b.      Amounts due to the holder of any valid lien which was recorded prior to the time the United States' *Lis Pendens* was recorded;

        c.      Real estate property taxes which are due and owing;

        d.      Insurance costs, if any;

        e.      Title fees;

        f.      HOA fees;

        g.      Escrow fees and expenses; and

        h.      County transfer taxes.

4.      All of the net proceeds from the sale of the real property shall be sent in the form of a cashier's check made payable to the U.S. Marshals Service and sent to the U.S. Attorney's Office at the above address, at the close of escrow, to be deposited in the Seized Asset Deposit Fund.  Said proceeds will be substituted as the *res* in this action and held pending further order of the Court.

5.      The Title/Escrow Company shall forward paperwork regarding the completed sale of the above-described real property to the United States at the close of escrow.

6.      The United States agrees to execute a Notice of Withdrawal of Lis Pendens against the above-described real property in connection with the above-entitled action, upon request by Title/Escrow

Company.

7.     Bi Yun Li (or her designee), shall be authorized to sell the real property to a buyer(s) in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  All sale offers must be agreed to in writing by the U.S. Attorney's Office.  If the real property has not been sold by Bi Yun Li (or her designee), by June 1, 2018, then the U.S. Marshals Service shall have authority to market and sale the real property in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.

8.     Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the Title/Escrow Company.

9.      All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said forfeiture and/or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

10.     Recorded owner Bi Yun Li shall maintain the real property in the same condition and repair as existed on the date of recording of the Lis Pendens, normal wear and tear excepted, until his custody, control, and responsibility have ceased.  The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; and keeping the property in good condition by providing ordinary and necessary items of routine maintenance.

11.     Recorded owner Bi Yun Li shall maintain all insurance policies currently in effect with respect to the real property, including hazard insurance to cover all buildings and other improvements that are now located on the property until the interlocutory sale is completed.  The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance

1    policies, and liability to persons injured on said property and for property damage to the real property.

2        12.    Except as specifically provided herein, recorded owner Bi Yun Li shall not convey,

3    transfer, encumber, lien, or otherwise pledge the real property without the prior, written approval of the

4    United States.

5        13.    All parties are to bear their own costs and attorneys' fees.

6        14.    The Court shall maintain jurisdiction to enforce the terms of the Stipulation and Order

7    Regarding Interlocutory Sale of Real Property.

8        IT IS SO STIPULATED.

9    Dated:  12/27/2017                  PHILLIP A. TALBERT
10                                         United States Attorney

11                           By:    /s/ Kevin C. Khasigian
12                                   KEVIN C. KHASIGIAN<br>Assistant U.S. Attorney

13

14   Dated:  12/22/17                 /s/ James R. Hall
15                                   JAMES R. HALL<br>Lien holder, Trustee of the Hall Living Trust

16

17   Dated:  12/22/17                 /s/ Carol F. Hall
18                                   CAROL F. HALL<br>Lien holder, Trustee of the Hall Living Trust

19
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

5

Dated:   12/30/17                                    /s/ Bi Yun Li
                                                     BI YUN LI
                                                     Recorded Owner

State of Michigan      )
County of Wayne        )          Subscribed and sworn to before me this 30th day of December, 2017.

```
┌─────────────────────────────────────────┐
│        MEGHAN G MADISON                   │
│ NOTARY PUBLIC – STATE OF MICHIGAN         │
│        COUNTY OF WAYNE                     │
│   My Commission Expires Mar 7, 2020        │
└─────────────────────────────────────────┘
```

Dated:   1/3/2018                                    /s/ Wei Zhong
                                                     WEI ZHONG
                                                     Attorney for Recorded Owner, Bi Yun Li

## ORDER FOR INTERLOCUTORY SALE

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     The stipulation re interlocutory sale of the real property is granted.

2.     The real property located at 2860 Central Avenue, Roseville, California, Placer County, APN: 474-010-017-000, and more fully described in paragraph 2, will be sold pursuant to the terms set forth above.

3.     The net proceeds from the sale of the real property, less the amount owed to lien holders James R. Hall and Carol F. Hall, Trustees of the Hall Living Trust, dated April 12, 1994, pursuant to their Deed of Trust recorded on August 29, 2016, will be substituted as the *res* herein and held by the U.S. Marshals Service, pending further order of the Court.

IT IS SO ORDERED.

Dated:  January 8, 2018.

_____
UNITED STATES DISTRICT JUDGE

Stipulation and Order for Interlocutory Sale of Real Property