MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-00136-KJM |
| Plaintiff, | |
| v. | STIPULATION AND ORDER RE INTERLOCUTORY SALE OF REAL PROPERTY LOCATED AT 8114 SUAREZ WAY |
| XIU PING LI, et al., | |
| Defendants. | |

The United States of America and claimants FJM PRIVATE MORTGAGE FUND, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY ("FJM") and YAN BING LI ("Li"),  agree and stipulate to the following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

1.      On August 10, 2017, a grand jury in this district indicted defendants Xiu Ping Li, Gui Wen Pan, Xiu Ru Li, Dao Zhong Wei, Yong Jie Liu, You An Li, Shui Ping Zheng, Kong Liang Li, Guangzhao Li and Huang Chen, charging them with: Count One: Conspiracy to Distribute and to Possess with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1); Counts Two through Ten: Manufacture More Than 100 Plants of Marijuana, in violation of 21 U.S.C. § 841(a)(1); and Counts Eleven through Fourteen: International Money Laundering and Conspiracy to Commit International Money Laundering, in violation of 21 U.S.C. §§ 1956 (a)(2)(A) and 1956 (h).  The indictment included a forfeiture allegation.  An *Amended* Bill of Particulars on November 1, 2017 alleging the following assets

may be subject to forfeiture to the United States:

     a.     Real Property Located at 7810 Elsie Avenue, Sacramento, California, Sacramento County, APN: 115-0061-014-0000,

     b.     Money in Lieu of Real Property Located at 2860 Central Avenue, Roseville, California, Placer County, APN: 474-010-017-000,

     c.     Real Property Located at 10315 Baseline Road, Elverta, California, Sacramento County, APN: 023-040-026-000,

     d.     Real Property Located at 8114 Suarez Way, Elk Grove, California, Sacramento County, APN: 132-2000-032-0000,

     e.     Real Property Located at 3433 La Cadena Way, Sacramento, California, Sacramento County, APN: 201-1010-037-0000,

     f.     Real Property Located at 3433 Mas Amilos Way, Sacramento, California, Sacramento County, APN: 201-1010-007-0000,

     g.     Real Property Located at 2725 52nd Avenue, Sacramento, California, Sacramento County, APN: 036-0132-002-0000,

     h.     Approximately $39,775.00 in U.S. Currency,

     i.     $70,844.37 seized from Bank of America Account Number 381008886819, and

     j.     $5,000.00 in Moneygram Money Orders.

2.     This stipulation pertains to only the real property located at 8114 Suarez Way, Elk Grove. Yan Bing Li is the recorded owner of the real property located at 8114 Suarez Way, Elk Grove, California, Sacramento County, APN: 132-2000-032-0000, and more fully described in Exhibit A attached hereto (hereafter the "Suarez property").

3.     The parties stipulate that based on the information they have, no other persons or entities have an interest in the real property other than FJM or LI.

4.     The parties agree and hereby stipulate that an order should be entered granting an interlocutory sale of the real property as follows:

5.     The parties agree Yan Bing Li (or her designee) shall be authorized to sell the Suarez Property in accordance with the terms and conditions of this Stipulation pursuant to Paragraphs 5 through 18.

6.     Upon entry of an order granting this Stipulation, claimant LI (or her designee) shall list the Suarez Property for sale and shall have sole power and authority, other than review and approval by the

2

United States Attorney's Office to: (a) select the means of sale, including sale by internet or through a licensed real estate broker, and (b) market and sell the Suarez Property.  Claimant LI (or her designee) request for approval from United States Attorney's Office shall be made by e-mail to kevin.khasigian@usdoj.gov and shall not be unreasonably delayed or withheld.  In the event the United States Attorney's Office fails to approve or disapprove claimant LI's (or her designee) request for approval within 48 hours of the request being made, said request for approval shall be deemed automatically approved.

7.     Lienholder and Claimant shall instruct the escrow officer to wire all of the net proceeds from the sale of the Suarez Property to the U.S. Marshals Service and to contact the U.S. Attorney's Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

8.     The "net proceeds" from the sale of the defendant property will include all money realized from the sale of the defendant property, except for the following:

a.     Real estate commissions;

b.     Amounts due to the holder of any valid lien which was recorded prior to the time the United States' *Lis Pendens* was recorded, which includes FJM, LLC, but excludes default interest rates and unreasonable penalties and fees;

c.     Real estate property taxes which are due and owing;

d.     Insurance costs, if any;

e.     Title fees;

f.     Escrow fees and expenses; and

g.     County transfer taxes.

9.     The United States will receive the remaining net proceeds from the sale of the Suarez property.  All right, title, and interest in said funds shall be substituted for the Suarez property and forfeited to the United States pursuant to 21 U.S.C. § 853(a) and 18 U.S.C. § 982(a)(1), to be disposed of according to law.

10.     Claimant LI will retain custody, control, and responsibility of the Suarez property until the interlocutory sale that is the subject of this Stipulation has been completed.

11.     Each party to this Stipulation shall execute all documents and provide signatures

3

necessary to close escrow, as required by the title company.

12.     All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the Suarez property.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed.  The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

13.     Claimant LI shall maintain the Suarez property in the same condition and repair as existed as of the date of the recording of the *lis pendens*, normal wear and tear excepted, until the custody, control and responsibility have ceased.  The term "maintain" shall include, but is not limited to, keeping the property free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the property clean and performing such necessary sanitation and waste removal; keeping the property in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

14.     Claimant LI shall maintain all insurance policies currently in effect with respect to the Suarez property, including hazard insurance to cover all buildings and other improvements that are now located on the property until the interlocutory sale is completed.  The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said property and for property damage to the Suarez property.

15.     Except as specifically provided herein, claimant LI shall not convey, transfer, encumber, lien, or otherwise pledge the Suarez property without the prior, written approval of the United States.

16.     All parties are to bear their own costs and attorneys' fees in connection with the sale of the Suarez property and the preparation of this stipulation.  Except as so indicated, this provision is not intended as a waiver of claimants' right to seek fees upon resolution of the forfeiture action.

17.     Pending the sale of the Suarez property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this stipulation.

18.     The interlocutory sale of the Suarez property, the substitution of the net sales proceeds in the criminal case, and this stipulation shall not affect any rights or remedies the parties may have to litigate their claims to the property.

IT IS SO STIPULATED.

Dated:   7/18/2018                              McGREGOR W. SCOTT
                                                United States Attorney


                                    By:     /s/ Kevin C. Khasigian
                                            KEVIN C. KHASIGIAN
                                            Assistant U.S. Attorney


Dated:   6/27/18                              /s/Yan Bing Li
                                            YAN BING LI
                                            Recorded Owner

                                                    JINGYA ZHANG
                                        NOTARY PUBLIC – STATE OF NEW YORK
                                                    No. 02ZH6355097
                                                Qualified in Queens County
                                            My Commission Expires 02-27-2021


**ACKNOWLEDGMENT**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California            )
                               )
County of Sacramento           )

On _____, before me,_____, Notary Public, personally appeared Kevin C. Khasigian, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Dated:   6/27/18                              /s/ Monica Blut
                                            MONICA BLUT
                                            Attorney for Recorded Owner
                                            Yan Bing Li

Stipulation and Order for Interlocutory Sale of Real Property

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ORDER FOR INTERLOCUTORY SALE**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      The stipulation re interlocutory sale of the real property is granted.

2.      The real property located at 8114 Suarez Way, Elk Grove, California, Sacramento County, APN: 132-2000-032-0000, and more fully described in Exhibit A attached hereto, will be sold pursuant to the terms set forth above.

3.      The net proceeds from the sale of the real property will be substituted as the *res* herein and held by the U.S. Marshals Service, pending further order of the Court.

IT IS SO ORDERED.

DATED:  July 23, 2018.

_____
UNITED STATES DISTRICT JUDGE

6

## EXHIBIT A

### 8114 Suarez Way, Elk Grove, California

Lot 32, as shown on the subdivision no. 04-764.05 Map for "The Grove at Laguna Ridge Village 5", filed for record on December 20, 2006, in Book 362 of Maps, at Page 1, official records of Sacramento County.  Excepting from a portion all oil, gas and other hydrocarbon substances, inert gases, minerals and metals, lying below a depth of 500 feet from the surface of said land and real property, whether now known to exist or hereafter discovered, including

but not limited to the rights to explore for, develop, and remove such oil, gas and other hydrocarbon substances, inert gases, minerals and metals without, however any right to use the surface of such land and real property for any purpose whatsoever, as excepted and reserved in the deed recorded June 15, 2001, in Book 20010615, page 410, Official Records.

APN: 132-2000-032-0000

Stipulation and Order for Interlocutory Sale of Real Property