PHILLIP A. TALBERT
Acting United States Attorney
ROGER YANG
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:   (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  2:17-CR-00136 KJM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| XIU PING LI, GUI WEN PAN, XIU RU LI, DAO ZHONG WEI, YONG JIE LIU, YOU AN LI, SHUI PING ZHEN, KONG LIANG LI, GUANGZHAO LI, and HUANG CHEN | DATE: November 15, 2021 TIME: 9:00 a.m. COURT: Hon. Kimberly J. Mueller |
| Defendants. | |

**BACKGROUND**

This case is set for status hearing on November 15, 2021.  On May 13, 2020, this Court issued

General Order 618, which suspends all jury trials in the Eastern District of California "until further

notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters,

excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued

on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case

exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of

1   counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

2   impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous

3   General Orders were entered to address public health concerns related to COVID-19.

4         Although the General Orders address the district-wide health concern, the Supreme Court has

5   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

6   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

7   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

8   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

9   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

10  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

11  or in writing").

12        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

13  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

14  justice continuances are excludable only if "the judge granted such continuance on the basis of his

15  findings that the ends of justice served by taking such action outweigh the best interest of the public and

16  the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

17  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

18  the ends of justice served by the granting of such continuance outweigh the best interests of the public

19  and the defendant in a speedy trial."  *Id.*

20        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

21  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

22  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

23  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

24  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

25  recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

26  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

27  following the September 11, 2001 terrorist attacks and the resultant public emergency).

28        The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

1   proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

2   exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

3   continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL

4   1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

5   detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

6   speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

7   population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

8   of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

9   (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

10  and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

11          In light of the foregoing, this Court should consider the following case-specific facts in finding

12  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

13  (Local Code T4).  If continued, this Court should designate a new date for the status hearing.  *United

14  States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

15  "specifically limited in time").

## STIPULATION

17          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

18  through defendant's counsel of record, hereby stipulate as follows:

19          1.      By previous order, this matter was set for status hearing on November 15, 2021.

20          2.      By this stipulation, defendant now moves to continue the status hearing until February 7,

21  2022, and to exclude time between November 15, 2021, and February 7, 2022, under 18 U.S.C.

22  § 3161(h)(7)(A), B(iv) [Local Code T4].

23          3.      The parties agree and stipulate, and request that the Court find the following:

24                  a)      The government has represented that the discovery associated with this case

25          includes thousands of pages of documents and reports, some recorded statements, and digital

26          devices. All of this discovery has been either produced directly to counsel and/or made available

27          for inspection and copying.  All of this discovery has been either produced directly to counsel

28          and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with their clients, a task made more difficult by travel restrictions that are being reinstituted in "substantial spread" areas, including Sacramento County.  Several counsel have indicated that they will be unavailable in September and October.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because almost all of the defendants require interpreters, and therefore discovery and evidence must be explained and translated in-person.  Given the limitations on personal contact / social distancing, this process has been delayed.  In addition, several of the defendants live in New York, Texas, and Michigan – areas that have been severely impacted by COVID-19.  At least one defendant lives in Michigan, an area that is suffering a resurgence of COVID-19, and may not be able to travel.  New cases in Texas are moderating, but remain high.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 15, 2021 to February 7, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

//
//
//

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  November 8, 2021                                    PHILLIP A. TALBERT
                                                           Acting United States
                                                           Attorney


                                                           /s/ ROGER YANG
                                                           ROGER YANG
                                                           Assistant United States
                                                           Attorney


Dated:  November 8, 2021                                    /s/ Christopher Cosca
                                                           Christopher Cosca
                                                           Counsel for Defendant
                                                           XIU PING LI


Dated:  November 8, 2021                                    /s/ Philip Cozens
                                                           PHILIP COZENS
                                                           Attorney for Defendant
                                                           GUI WEN PAN


Dated:  November 8, 2021                                    /s/ Olaf W. Hedberg
                                                           OLAF W. HEDBERG
                                                           Attorney for Defendant
                                                           XIU RU LI


Dated:  November 8, 2021                                    /s/ Todd D. Leras
                                                           TODD D. LERAS
                                                           Attorney for Defendant
                                                           DAO ZHONG WEI


Dated:  November 8, 2021                                    /s/ Candice L. Fields
                                                           CANDICE L. FIELDS
                                                           Attorney for Defendant
                                                           YOU AN LI


Dated:  November 8, 2021                                    /s/ Joshua Kaizuka
                                                           JOSHUA KAIZUKA
                                                           Attorney for Defendant
                                                           SHUI PING ZHENG

Dated:  November 8, 2021                        /s/ Michael L. Chastaine
                                                MICHAEL L. CHASTAINE
                                                Attorney for Defendant
                                                KONG LIANG LI

Dated:  November 8, 2021                        /s/ M. Jared Favero
                                                M. JARED FAVERO
                                                Attorney for Defendant
                                                GUANGZHAO LI

Dated:  November 8, 2021                        /s/ Etan Zaitsu
                                                ETAN ZAITSU
                                                Attorney for Defendant
                                                HUANG CHEN

Dated: November 8, 2021                         /s/ Kyle R. Knapp
                                                KYLE KNAPP
                                                Attorney for Defendant
                                                YONG JIE LIU


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 10th day of November 2021.

DATED:  November 10, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE