ERIC GRANT
United States Attorney
ROGER YANG
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>XIU PING LI,<br>GUI WEN PAN,<br>XIU RU LI,<br>DAO ZHONG WEI,<br>YONG JIE LIU,<br>KONG LIANG LI, and<br>GUANGZHAO LI,<br><br>Defendants. | 2:17-CR-00136-DJC<br><br>STIPULATION FOR FINAL ORDER OF FORFEITURE AND ORDER THEREON REGARDING 7810 ELSIE AVENUE, SACRAMENTO, CALIFORNIA |

IT IS HEREBY STIPULATED, by and between plaintiff United States of America and First Bridge Funding, LLC, a Delaware limited liability company ("First Bridge"), to compromise and settle their interest in the real property located at 7810 Elsie Avenue, Sacramento, California, Sacramento County, APN: 115-0061-014-0000 and more fully described in Exhibit A attached hereto ("Subject Property"), and to consent to the entry of a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(a).

1.      On October 28, 2024, this Court entered a Preliminary Order of Forfeiture pursuant to the provisions of 21 U.S.C. § 853(a), based upon the plea agreements entered into between the United States and defendants Xiu Ping Li, Xiu Ru Li, and Dao Zhong Wei forfeiting to the United States the above-referenced real property, along with eight other assets.

1

2.      Beginning on December 5, 2024, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov.  Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property.  The Declaration of Publication was filed on April 2, 2025.

3.      First Bridge asserts a lien holder interest in the real property located at 7810 Elsie Avenue, Sacramento, California, Sacramento County, APN: 115-0061-014-0000, and alleges the following:

a.      On or about February 13, 2016, Xiu P. Li executed a Note Secured by a Deed of Trust dated February 12, 2016 ("the Note") made payable to Northern California Mortgage Fund XI, LLC, a Delaware limited liability company, in the original principal amount of $195,000.00.  The Note was and is secured by a Deed of Trust dated February 12, 2016, recorded on February 22, 2016, as Book Number 20160222 Page 1015 in the official records of Sacramento County, California ("Deed of Trust"). On December 31, 2024, all right, title, and beneficial interest under the Deed of Trust was assigned to First Bridge.  On January 2, 2025, an Assignment of Deed of Trust was recorded.

b.      As of April 9, 2026, the principal due and owing under the Note was $50,000.00 and the interest due and owing was $41,135.08.  Interest will continue to accrue at a yearly rate of 10.00%.  The Note is presently in default and has been since March 1, 2018.

4.      No parties have filed petitions or claims in this matter regarding the Subject Property, and the time in which any person or entity may file a petition has expired.

5.      The parties hereby stipulate that First Bridge is the lien holder on the Subject Property. First Bridge has a legal right, title, or interest in the Subject Property, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for First Bridge's interest, because such interest was vested in First Bridge rather than defendant Xiu Ping Li at the time of the commission of the acts which give rise to the forfeiture of the Subject Property.  *See* 21 U.S.C. § 853(n).  The parties further stipulate, however, that Xiu Ping Li has an ownership interest in the Subject Property and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of her interest.

2

6. Upon entry of an order granting this Stipulation, First Bridge (or a designee thereof) shall be authorized to sell, transfer, and convey the Subject Property in accordance with the terms and conditions of this Stipulation. To this end, First Bridge (or a designee thereof) shall list the Subject Property for sale and shall have sole power and authority, other than review and approval by the U.S. Attorney's Office to: (a) select the means of sale, including sale by internet or through a licensed real estate broker, (b) set and adjust the sale price and terms using its business judgment, and (c) market and sell the Subject Property. The U.S. Attorney's Office has exclusive authority to approve the closing statement for the Subject Property, on the timing set forth below. First Bridge's request for the U.S. Attorney's Office approval shall be made by e-mail to kevin.khasigian@usdoj.gov and tammy.teglia@usdoj.gov and shall not be unreasonably delayed or withheld. In the event the U.S. Attorney's Office fails to approve or disapprove First Bridge's request for approval within 48 hours of the request being made, said request for approval shall be deemed automatically approved.

7. First Bridge has no obligation to make any repair, perform any maintenance, insure, or construct or install any alteration, addition, modification, and/or improvement (collectively, "Improvements") to the Subject Property. First Bridge may repair, perform any maintenance, procure any necessary insurances, or construct or install any Improvements to the Subject Property in any manner it chooses and in its sole and absolute discretion.

8. First Bridge appoints Bob Montouri, a licensed real estate professional in California, as its real estate broker to rehab, repair, market, and sell the Subject Property pursuant to the terms and conditions of this Stipulation and may also engage other local contractors, vendors, or real estate brokers in the ordinary course of business who shall be engaged pursuant to and consistently with the authority and approval requirements in paragraphs 6 and 7.

9. First Bridge shall instruct the escrow officer to wire all of the net proceeds from the sale of the Subject Property to the U.S. Marshals Service and to contact the U.S. Attorney's Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

10. The United States agrees that upon entry of this Final Order of Forfeiture and sale of the Subject Property pursuant to this Final Order of Forfeiture, the United States will not contest payment to and First Bridge shall receive from the proceeds of the sale of the Subject Property, after payment of

3

outstanding real property taxes assessed against the Subject Property and expenses reasonably incurred by First Bridge to sell the Subject Property (*e.g.*, closing costs, escrow and title fees, documentary transfer taxes, brokers fees, appraisal fees, recording fees, title insurance premiums, legal fees, notary fees, and costs incurred under Sections 7 and 8 of this Stipulation), the following:

    a.    All unpaid principal due to First Bridge under the Note and secured by the Deed of Trust. As of April 9, 2026, the principal balance due and owing to First Bridge under the Note was $50,000.00.

    b.    All unpaid interest at the contractual base rate (not the default rate) under the above Note, secured by the Deed of Trust, until the date of payment. As of April 9, 2026, the total accrued interest at the contractual base rate (not the default rate) due and owing to First Bridge under the Note was $41,135.08

    c.    All legal fees incurred by First Bridge in connection with the Note. As of April 9, 2026, the outstanding legal fees due and owing to First Bridge under the Note was $33,823.59.

    d.    The exact amount to be paid to First Bridge shall be determined at the time of payment, but shall not be less than the amounts set forth above; to wit: $134,833.67.

    e.    To the United States, 100% of the net proceeds from the sale of the Subject Property after the above disbursements, which shall be forfeited to the United States pursuant to 21 U.S.C. § 853(a) and disposed of as provided for by law.

11. The payment to First Bridge shall be in full settlement and satisfaction of all claims and petitions by them to the Subject Property, and of all claims arising from and relating to the detention and forfeiture of the Subject Property. The payment to First Bridge shall not include any penalty payments, including any prepayment penalties.

12. All parties to this Stipulation hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the forfeiture and sale of the real property located at 7810 Elsie Avenue, Sacramento, California. This is a full and final release applying to all unknown and

4

unanticipated injuries, and/or damages arising out of said forfeiture and sale, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

13.    First Bridge agrees not to pursue against the United States any other rights that they may have under the Note and/or Deed of Trust, including, but not limited to, any right to assess additional interest or penalties except as specifically allowed herein.

14.    First Bridge understands and agrees that by entering into this Stipulation of their interest in the Subject Property, they waive any right to litigate further their ownership interest in the Subject Property and to petition for remission or mitigation of the forfeiture.  Thereafter, if this Stipulation for Final Order of Forfeiture is approved by the Court, then unless specifically directed by an order of the Court, First Bridge shall be excused and relieved from further participation in this action.

15.    The U.S. Attorney also reserves the right, in its discretion, to terminate the forfeiture at any time and release the Subject Property.  In either event, the United States shall promptly notify First Bridge of such action.  A discretionary termination of forfeiture shall not be a basis for any award of fees.  Additionally, First Bridge reserves the right to petition the Court for a modification of this order in the event it determines that the value of the Subject Property is at an amount which may not be sufficient to satisfy its lien.

16.    The parties agree to execute further documents, to the extent reasonably necessary, to complete the transaction, convey clear title to the ultimate buyer, and to implement further the terms of this Stipulation.

17.    Each party agrees to bear its own costs and attorneys' fees, if any, with the exception of those provided by paragraph 10(a), herein.

18.    Payment to First Bridge pursuant to this Stipulation is contingent upon a forfeiture of the property to the United States and the Court's entry of this Final Order of Forfeiture.

5

19. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

20. The court shall maintain jurisdiction over this matter to enforce the terms of this stipulation.

21. Prior to the close of escrow of the Subject Property, the United States shall execute and record a withdrawal of lis pendens.

Dated: 5/1/2026

ERIC GRANT
United States Attorney


/s/ Kevin C. Khasigian
KEVIN C. KHASIGIAN
Assistant U.S. Attorney


Dated: May 1, 2026

/s/ Patrick J. Wingfield
PATRICK J. WINGFIELD
Attorney for First Bridge Funding, LLC
(Signature retained by attorney)


ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters a Final Order of Forfeiture on the terms set forth in the parties' Stipulated Settlement. All right, title, and interest of Xiu Ping Li, Xiu Ru Li, and Dao Zhong Wei to the property located at 7810 Elsie Avenue, Sacramento, California, Sacramento County, APN: 115-0061-014-0000, is hereby extinguished.

SO ORDERED this 1st day of May, 2026.


/s/ Daniel J. Calabretta
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

6

Stipulation for Final Order of
Forfeiture and Order Thereon

## Exhibit A

(Real property at 7810 Elsie Avenue, Sacramento, California, Sacramento County)

LOT 38, AS SHOWN ON THE "PLAT OF FLEMING'S HIGHWAY FARMS", RECORDED ON NOVEMBER 07, 1924, IN BOOK 18 OF MAPS, MAP NO. 21, IN THE OFFICE OF THE COUNTY RECORDER OF SACRAMENTO COUNTY.

APN: 115-0061-014-0000

Stipulation for Final Order of
Forfeiture and Order Thereon